In the Matter of the ESTATE of Esther V. VADEN, Deceased.

**William G. GLASS, Appellant,**

v.

**James PRICE et al., Appellees.**

No. 50540.

Supreme Court of Oklahoma.

Dec. 12, 1978.

Rehearing Denied Jan. 22, 1979.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for appellant.

Phillip R. Scott, Waurika, Shoemake & Briggs, Pawhuska, for appellees.

Drummond, Drummond, Raymond & Payne, Pawhuska, for administrator.

WILLIAMS, Justice.

We have previously granted an application for writ of certiorari to the Court of Appeals, Division 2, for the review of a judgment of that court which affirmed the judgment of the District Court of Osage County appointing a stranger as administrator with the will annexed of the estate of Esther V. Vaden, who died in 1972, leaving a will in which her sister, Maude V. Glass, was named as executrix. Mrs. Glass qualified and served as executrix until her own death intestate in 1974. Her son, William G. Glass, appellant and petitioner for certiorari, was appointed administrator of his mother's estate.

After the death of Mrs. Glass, the surviving heirs and next of kin of Mrs. Vaden consisted of about a dozen nieces and nephews residing in Oklahoma and three other states. Although only a limited record is before us in this appeal, and the will of Mrs. Vaden is not included, it appears that her estate consisted principally of a sizeable ranching operation in Osage County.

On January 5, 1976, upon the petition of some of the nieces and nephews, and without notice, the trial court appointed James G. Price as administrator with the will annexed.

On January 6, 1976, William G. Glass filed a petition for his own appointment as administrator with the will annexed and alleged therein, in effect, that the appointment of James G. Price was void because of lack of notice.

On January 7, 1976, Glass was appointed special administrator with full power to continue the decedent's ranching operation. See 58 O.S.1971, Sec. 211. The hearing of his petition for appointment as administrator with the will annexed was continued till a later date.

After several other continuances, the petition came on for hearing on November 24, 1976. At that time, the trial court heard the petition of Glass for the appointment, and also the pending petition for the appointment of James G. Price who was also a nephew of Mrs. Vaden. At the conclusion of the hearing the trial court held that although both Price and Glass were fully competent from the standpoint of business and experience to serve as administrator with the will annexed, Price was disqualified by the fact that he was one of the contestants who had filed a pending appeal from the order admitting the will of Mrs. Vaden to probate, and that Glass was a non-resident of Oklahoma.

The court then, on its own motion, appointed Mr. Fred Craddock to serve as administrator. When Craddock failed or refused to qualify, the trial court later appointed Mr. Holton Payne. Craddock and Payne are both strangers to the family.

Glass then appealed from the judgment refusing to appoint himself and appointing Craddock. That judgment was affirmed by the Court of Appeals, Division 2. Glass then filed the petition for writ of certiorari now before this Court. The next of kin supporting Price for the appointment did not appeal from the judgment disqualifying him.

In this Court, Glass argues that the trial court judgment amounted to error as a matter of law for several reasons, one of which is that the court failed to follow the requirements of 58 O.S.1971, Sec. 132.

For reasons to be set out below, this argument must be sustained.

Under 58 O.S.1971, Sec. 221, when the executor of an estate dies, " * * * the proper court must issue letter of administration, with the will annexed or otherwise, to the widow or next of kin, or others, in the same order and manner as is directed in relation to original letters of administration * * *."

 The trial court properly found that Price was disqualified by virtue of being a contestant of the will of Mrs. Vaden. That left Glass as the only applicant for the appointment before the court. The fact that he was a non-resident did not disqualify him; see 58 O.S.1971, Sec. 162.

58 O.S.1971, Sec. 132, provides as follows:

"Letters of administration *must* be granted to any applicant, though it appears that there are other persons having better rights to the administration when such persons fail to appear and claim the issuing of letters to themselves." (Emphasis added.)

With the disqualification of Price, Glass was the only applicant before the court. By the plain and mandatory terms of Sec. 132, he was entitled to the appointment.

The judgments of the Court of Appeals and the District Court are vacated and the cause is remanded to the trial court with directions to appoint William G. Glass as administrator with the will annexed of the estate of Esther V. Vaden, and to undertake such further proceedings as may be required.

Reversed and remanded with directions.

All Justices concur.